950 A.2d 209
STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. CHARLES
S. THOMAS, DEFENDANT–RESPONDENT.

Argued May 6, 2008—Decided June 26, 2008.

432

*Hillary K. Horton,* Deputy Attorney General, argued the cause for appellant (*Anne Milgram,* Attorney General of New Jersey, attorney).

*Daniel V. Gautieri,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney).

PER CURIAM.

This is a sentencing appeal. The facts underlying defendant's conviction are set forth in this Court's opinion in *State v. Thomas,* 187 *N.J.* 119, 900 *A.*2d 797 (2006), and need not be recounted here.

In brief, defendant was convicted of second-degree robbery, *N.J.S.A.* 2C:15–1; second-degree eluding, *N.J.S.A.* 2C:29–2b; third-degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4d; fourth-degree criminal mischief, *N.J.S.A.* 2C:17–3a and -b(2); fourth-degree resisting arrest, *N.J.S.A.* 2C:29–2a; and third-degree receiving stolen property, *N.J.S.A.* 2C:20–7. Upon the prosecutor's application, defendant was sentenced to an extended custodial term of eighteen years on the second-degree robbery conviction, subject to the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2, and to a consecutive ten-year term, subject to five years of parole ineligibility, on the second-degree eluding conviction. The remaining counts were ordered to run concurrently and do not affect defendant's overall sentence or the issues involved here. In the aggregate, defendant's sentence was twenty-eight years with 13.5 years of parole ineligibility. Defendant appealed his conviction on numerous grounds.

The Appellate Division reversed the robbery conviction but affirmed the remaining convictions and remanded the case for resentencing. We granted certification and reinstated the robbery conviction, affirmed the remaining convictions, and remanded for consideration of defendant's sentencing arguments. *Thomas, supra,* 187 *N.J.* at 138, 900 *A.*2d 797. In turn, the Appellate Division remanded the case to the trial judge for resentencing while retaining jurisdiction.

The trial judge resentenced defendant on the robbery count to an extended term of sixteen years, subject to NERA, and to a concurrent term of ten years, with five years of parole ineligibility, on the eluding count. The sentences on the remaining counts were again made concurrent. As a result, defendant's aggregate sentence was reduced from twenty-eight years with 13.5 years of parole ineligibility to sixteen years with 13.6 years of parole ineligibility.

Defendant again appealed and the Appellate Division reversed. Expressing "grave concerns about the length of defendant's NERA sentence," the panel revised the sentence downward by transferring the extended term from robbery to eluding. In ruling, the panel reasoned that "defendant's involvement in the robbery and the robbery itself do not warrant as much condemnation as his conduct in the course of eluding the police." The panel therefore exercised original jurisdiction and sentenced defendant to an extended term of sixteen years with eight years of parole ineligibility on the eluding conviction; and to a concurrent term of eight years, subject to NERA, on the robbery conviction. As a result, defendant's aggregate revised sentence was sixteen years, with eight years of parole ineligibility. We granted the State's petition for certification, 192 *N.J.* 599, 934 *A.*2d 640 (2007), and now reverse.

I

The State essentially argues that the Appellate Division wrongly substituted its own judgment for that of the trial court; erred in minimizing defendant's role in the robbery; and that a persistent offender extended term should be imposed on the most serious crime, in this case the NERA robbery.

Defendant counters that the principle of double jeopardy prevented his resentencing because he had begun to serve the term originally imposed; that, in any event, the Appellate Division properly decided to exercise original jurisdiction to avoid a third

resentencing; and that the extended term was correctly imposed on the eluding conviction based on the severity of the offense.

## II

We turn first to defendant's double jeopardy claim, which can be disposed of quickly. Plainly, where a defendant files an appeal, courts are permitted to revise a sentence "notwithstanding his initial commencement of the sentencing term, providing that any new sentence is in accordance with the substantive punishment standards under the Code and not in excess of the sentence originally imposed." *State v. Rodriguez*, 97 *N.J.* 263, 277, 478 *A.*2d 408 (1984). "[W]ith the determination of guilt made, the defendant is not subject to the harassment and risk of multiple prosecution the Double Jeopardy Clause was meant to prohibit." *State v. Roth*, 95 *N.J.* 334, 344, 471 *A.*2d 370 (1984) (citing *United States v. DiFrancesco*, 449 *U.S.* 117, 136, 101 *S.Ct.* 426, 437, 66 *L.Ed.*2d 328, 345 (1980)). Where a defendant mounts a challenge, he has no "legitimate expectation of finality with respect to [the] sentence." *State v. Haliski*, 140 *N.J.* 1, 7, 656 *A.*2d 1246 (1995). That is because "[w]hat was sought by the appeal, rather than the relief, if any, obtained, defines what constitutes a legitimate expectation of finality." *Id.* at 23, 656 *A.*2d 1246.

In short, because defendant appealed his sentence and because his new sentence is not in excess of that originally imposed, double jeopardy is not implicated.

## III

At the heart of this case is the issue of which offense should be the subject of an extended term sentence where a multiple count conviction is involved. The State argues that the offense with the greatest sentence exposure (here a NERA offense) should be the one subject to an extended term. Defendant avers that the substantively more severe offense should be the focus. Neither party is entirely correct.

*N.J.S.A.* 2C:44–3 provides the criteria for extended term sentencing. The substantive details of the statute are unimportant because defendant concedes that he is eligible for such sentencing and that an extended term could have been imposed on the eluding count.

■ Procedurally, the statute prescribes that a discretionary extended term may be imposed only upon application of the prosecutor. *N.J.S.A.* 2C:44–3. *See, e.g., State v. Martin,* 110 *N.J.* 10, 16, 538 *A.*2d 1229 (1988); *State v. Dunbar,* 108 *N.J.* 80, 87–88, 527 *A.*2d 1346 (1987); *State v. Gantt,* 101 *N.J.* 573, 580 n. 1, 503 *A.*2d 849 (1986). Thus, notice must be filed as provided in the court rules. *R.* 3:21–4(e). Where multiple offenses are charged, that notice obviously should include an identification of the offense with respect to which the prosecutor is seeking an extended term in order to give the defendant a fair opportunity to meet that claim. Because it is the prosecutor's choice whether to seek an extended term in the first instance, it follows that the trial judge should give weight to the prosecutor's determination regarding which offense is to be subject to an extended term, but that selection is not dispositive. If the judge has reason to disagree, he should state, on the record, along with his reasons for the sentence, why he chose to apply the extended term to a different charge than that sought by the prosecutor. That statement will, in turn, provide the Appellate Division with a foundation to determine whether the trial judge exercised his discretion based upon an application of correct legal principles to the facts. *Roth, supra,* 95 *N.J.* at 363, 471 *A.*2d 370.

In this case, the prosecutor's initial motion did not ask for the extended term to be applied to a particular count. At the sentencing hearing, however, the prosecutor made clear that the second-degree eluding count was the focus of her extended term motion. Nevertheless, the trial judge imposed the extended term on the robbery count, which, although also a second-degree offense, carried a mandatory NERA parole disqualifier.

In neither the original sentence nor the resentence did the judge ever explain his reason for choosing the robbery count rather than the eluding count for extended term treatment. That, at least in part, is what led to the appellate panel's exercise of original jurisdiction.

█ We are sympathetic to the appellate panel's desire to avoid a third resentencing procedure. In exercising original jurisdiction, however, the court left itself open to the charge that it overstepped its bounds and substituted its judgment for that of the trial judge. Indeed, it is well-settled that appellate courts may only disturb a sentence if the lower court's exercise of discretion is "clearly mistaken." *State v. Kromphold*, 162 *N.J.* 345, 355, 744 *A.*2d 640 (2000) (quotation omitted). If the appellate panel finds that there has been such an error, " 'a remand to the trial court for resentencing is strongly to be preferred.' " *Ibid.* (quoting *State v. Jarbath*, 114 *N.J.* 394, 410–11, 555 *A.*2d 559 (1989)).

We agree. Therefore, we reverse and remand the matter to the trial judge for an explanation of why he declined to accept the prosecutor's application to apply the extended term to the eluding count. Presumably, the judge had a reason for what he did. It is now time for him to declare it.

The judgment under review is reversed. The matter is remanded to the trial judge for proceedings consistent with the principles to which we have adverted.

*For reversal and remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA-SOTO and HOENS—7.