**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0208-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TYRONE JACKSON,

     Defendant-Appellant.

_____

> Submitted October 31, 2018 – Decided November 30, 2018
>
> Before Judges Fuentes and Accurso.
>
> On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-04-0220.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Marcia H. Blum, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Alexander C. Mech, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tyrone Jackson appeals from a seven-year discretionary extended term sentence not requested by the State, but imposed by the judge after defendant failed to appear for sentencing. The law is clear that a discretionary extended term for a persistent offender may not be imposed absent application by the prosecutor. See State v. Thomas, 195 N.J. 431, 436 (2008). Furthermore, a sentence based entirely upon a defendant's failure to appear for sentencing is illegal. See State v. Wilson, 206 N.J. Super. 182, 184 (App. Div. 1985). Accordingly, we reverse and remand for resentencing in accordance with the plea agreement.

Following his indictment on charges of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and third- and fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(1) and (2), defendant pleaded guilty in August 2015 to the two lesser charges in exchange for the State's agreement not to seek a discretionary extended term, N.J.S.A. 2C:44-3(a), and to recommend five-year sentences to be served concurrently in the event the convictions did not merge for sentencing purposes.[1] Defendant's sentencing was delayed almost eight months, at his request, to allow him to engage in in-patient drug treatment.

---

[1] Defendant was driving on a suspended license and reportedly under the influence of heroin when he ran into the back of a motorcyclist, ejecting him
(continued)

When the case was finally scheduled for sentencing in April 2016, defendant failed to appear. A bench warrant was issued, and, in June 2017, he turned himself in. At his sentencing a few days later, the State and defendant asked the court to sentence defendant in accordance with the plea agreement, noting he spent at least five months in in-patient drug treatment. Commenting that defendant had been "in the wind" for a year, the trial judge refused, stating:

> Somebody, please, let's bring him out milk and cookies for turning himself in after being absent for two years.
>
> The original plea agreement is five. He's going to get seven. He can withdraw his plea or he can accept the seven flat and we'll do a pretrial conference today and we'll give him a new trial date.

---

(continued)

off the bike and causing him serious injuries. Originally indicted on only the two third- and fourth-degree charges, defendant's application to drug court was denied by the prosecutor. The Law Division overturned the decision on April 1, 2013. The State did not appeal. Instead, it represented the case to the Grand Jury two weeks before defendant's scheduled plea hearing in drug court on April 29, obtaining a superseding indictment, which added the second-degree aggravated assault charge. That charge made defendant ineligible for a drug court sentence. See N.J.S.A. 2C:35-14(b)(2); N.J.S.A. 2C:43-7.2(d)(4). Defendant pleaded guilty after another judge, the one whose sentence we review here, denied his motion to dismiss the superseding indictment. Defendant has not appealed from that motion order and it is thus not before us.

A-0208-17T1

When the prosecutor objected because the victim "made it clear he does not want to have to go through a trial on this," the judge replied:

> Then I'll just sentence him to the seven. He has an obligation to show up. He doesn't show up. He's bound by the plea agreement and . . . he's getting a seven.

When defense counsel protested that defendant "pled to a third[-]degree. So the maximum is a five," and asked that the plea agreement be honored, the judge responded:

> Not happening . . . . [T]his guy is not going to thumb his nose at this court and just walk out with the same deal he had what — two years ago . . . . I'll vacate the plea agreement and he's back to a second degree and I'll give him a 10. He goes to trial[,] I'll give him a 10.

After the court permitted a recess to allow the prosecutor and defense counsel to confer, defense counsel announced defendant wished to go forward with his plea and sentencing. The judge outlined the choices for defendant; he could receive "a flat seven, no stip, on an extended term basis," or the court could "give him the five do two and a half." After putting those alternatives on the record, the judge asked defense counsel: "what is your pleasure?" Defense counsel responded that she and her client "understand that that is what the court wishes to do." When the court asked whether defendant was "willing

4

to accept and abide by it as opposed — as an alternative to my rejection of the plea agreement," defense counsel responded affirmatively.

After asking defendant whether he had had adequate time to confer with his counsel "so that you understand the choices you are making this morning and the consequences of those choices," the judge explained to defendant that it was his intention "to reject the plea agreement and go forward with a pretrial conference, which would reinstate the second[-]degree first count." The judge continued the colloquy as follows:

> THE COURT: Instead, my alternatives are with your permission and consent, to either sentence you to a five flat with two and a half stipulated as a period of parole ineligibility or seven flat.
>
> Do you understand that?
>
> DEFENDANT: Yes.
>
> THE COURT: On a seven flat you are going to be eligible for parole in about 18 months. As opposed to a five do two and a half, you are eligible for parole after 30 months.
>
> Do you understand that?
>
> DEFENDANT: Yeah.
>
> THE COURT: So I am going to give you the seven years flat, calling upon you to take responsibility for the two years you were absent. Is that what you would like me to do?

A-0208-17T1

DEFENDANT: Yes.

The judge thereafter merged defendant's convictions for sentencing purposes, found aggravating factors N.J.S.A. 2C:44-1(a)(3), (6) and (9) and no mitigating factors, without explanation, and sentenced defendant to seven years in State prison "in the exercise of the court's discretion to impose an extended term of imprisonment." The judge also imposed appropriate fines and penalties and ordered defendant to pay $2750 in restitution, $2500 for the victim's unreimbursed or deductible medical expenses and $250 in loss of personal property. The judge also imposed fines, penalties and periods of license suspension for driving while suspended and a first offense of driving under the influence. Other Title 39 summonses issued to defendant were dismissed in accordance with the plea agreement.

After imposing sentence, the judge addressed defendant as follows:

> Mr. Jackson, despite your disappointment that I am not going to sentence you to the five years originally negotiated, you should find comfort in the fact that your recklessness in operating this motor vehicle caused serious bodily injury to a police officer that was doing nothing other than doing his job.[2] So believe me that I wouldn't have had a hesitation for a New York minute or any reservation at all about drop

_____

2 Although the record is clear the victim was a police officer, nothing suggests he was on-duty at the time of the accident.

kicking you into the New Jersey State Prison for 10 years and on a second degree, if you are extended term eligible, I would have probably been inclined to bump that up to 15.

So you are walking out of here with a pretty good result considering the fact that you engendered the ire of this court by thumbing your nose at it for two years.

But that's the two years I am adding to this sentence. So you want to make sure you don't come back before me.

Defendant appeals the sentence the court imposed, raising the following arguments:

POINT I

THE SEVEN-YEAR DISCRETIONARY-EXTENDED TERM IS ILLEGAL AND MUST BE VACATED BECAUSE IT WAS IMPOSED WITHOUT AN APPLICATION BY THE PROSECUTOR, AND BECAUSE IT VIOLATES THE FIVE-YEAR MAXIMUM TERM NEGOTIATED UNDER THE PLEA AGREEMENT. THE MATTER MUST BE REMANDED FOR A NEW SENTENCING HEARING AT WHICH THE COURT CONSIDERS WHAT SENTENCE TO IMPOSE WITHIN THE NEGOTIATED FIVE-YEAR MAXIMUM.

A. Discretionary-Extended Term May Only Be Imposed if the State Applies for it, and the State Did Not Apply for it.

B.    The Court Increased the Sentence Solely Because Defendant Failed to Appear at Sentencing Despite the Fact that the Plea Agreement Was Not Conditioned on Defendant's Appearance at Sentencing.

C.    A Sentence May Not Be Increased Solely Because the Defendant Did Not Appear for a Court Date.

D.    The Matter Must Be Remanded for a New Sentencing Hearing at Which Defendant Is Sentenced Within the Negotiated Range.

    1.    Additional reasons to preserve the plea.

    2.    The matter must be remanded for a new hearing at which the sentence is based on statutory sentencing factors and relevant mitigation is not overlooked.

    3.    The matter must be remanded to a different judge.

POINT II

THE MATTER MUST BE REMANDED FOR A HEARING ON DEFENDANT'S ABILITY TO PAY RESTITUTION.

As review of the quoted excerpts from the transcript makes plain, this sentence cannot stand. It has long been established that a sentencing judge has no power to impose a discretionary extended term absent a request from the prosecutor. N.J.S.A. 2C:44-3(a); State v. Martin, 110 N.J. 10, 16 (1988).

8           A-0208-17T1

Nothing could be clearer. Here, not only did the prosecutor not request an extended term, he explicitly promised defendant as part of the plea bargain that he would not do so.

The plea agreement did not provide for an increased sentence for defendant's non-appearance at sentencing; a provision the State was free to negotiate. See State v. Subin, 222 N.J. Super. 227, 238-39 (App. Div. 1988). Although we do not suggest a court could not reject a plea without such a term when faced with a defendant who has failed, without excuse, to appear for sentencing, see R. 3:9-3(e); Subin, 222 N.J. Super. at 239, "the authority to exercise judicial discretion is not an arbitrary power of the individual judge, to be exercised when, and as, his caprice, or passion, or partiality may dictate, or forsooth as his vindictiveness or his idiosyncrasies may inspire," State v. Madan, 366 N.J. Super. 98, 109 (App. Div. 2004) (quoting Smith v. Smith, 17 N.J. Super. 128, 132 (App. Div. 1951)).

In addition to the improperly imposed extended term, this sentence is also illegal because based entirely upon the court's self-described "ire" at defendant's failure to appear for sentencing. Wilson, 206 N.J. Super. at 184. It would not appear to require repeating that "[t]he need for dispassionate, evenhanded conduct is most acute in the sentencing phase of a criminal trial."

9

State v. Tindell, 417 N.J. Super. 530, 571 (App. Div. 2011). Although we do not condone defendant's failure to have appeared for sentencing, the judge having permitted his feelings over what he perceived to be that personal affront to overwhelm his application of the sentencing guidelines, we reverse and remand for resentencing in accordance with the plea agreement.

As we understand the sentencing judge has retired, the case is assigned to the presiding criminal judge in the vicinage to carry out the terms of the remand, which should also include an assessment of defendant's ability to pay restitution. See State v. Newman, 132 N.J. 159, 171-73 (1993). We do not retain jurisdiction.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION