**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0119-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS R. GARCIA, a/k/a RICO
GARCIA, LOUIS GARCIA, and
LOUIS LUISITO,

    Defendant-Appellant.

_____

Submitted February 4, 2019 – Decided May 8, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 13-01-0043.

Joseph E. Krakora, Public Defender, attorney for appellant (Peter T. Blum, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a remand by this court, defendant Luis R. Garcia was re-sentenced to a thirty-five-year extended prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for first-degree armed robbery, N.J.S.A. 2C:15-1, and a concurrent ten-year extended term for second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b).

Defendant appeals, arguing:

> POINT I
>
> [DEFENDANT] SHOULD BE RESENTENCED AGAIN BECAUSE THE PARTIES AND COURT AT HIS LAST RESENTENCING SEEMED TO INCORRECTLY BELIEVE THAT THE COURT COULD NOT CHOOSE WHICH COUNT TO SUBJECT TO AN EXTENDED TERM. (NOT RAISED BELOW)
>
> POINT II
>
> [DEFENDANT] SHOULD BE RESENTENCED AGAIN BECAUSE AN UPDATED PRESENTENCE REPORT WAS NOT PREPARED AT HIS LAST RESENTENCING. (NOT RAISED BELOW)
>
> POINT III
>
> [DEFENDANT] SHOULD BE RESENTENCED AGAIN BECAUSE THE RESENTENCING COURT IMPROPERLY FAILED TO PROVIDE REASONS FOR FINDING AGGRAVATING FACTOR SIX AND APPEARED TO DOUBLE-COUNT [DEFENDANT]'S

2

PRIOR CONVICTIONS IN SO FINDING. (NOT RAISED BELOW)

POINT IV

[DEFENDANT] SHOULD BE RESENTENCED AGAIN BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL WHO HAD JUST BEEN ASSIGNED TO HIS CASE THE DAY BEFORE, WHO WAS UNFAMILIAR WITH THE LAW AND FACTS, AND WHO MADE NO SUBSTANTIAL ARGUMENTS. (NOT RAISED BELOW)

After reviewing the record in light of the contentions advanced on appeal, we reverse and remand again for resentencing because the trial judge failed to obtain an updated presentence report in accordance with State v. Randolph, 210 N.J. 330, 351 (2012).

I.

We need not detail the procedural history and trial evidence as they are fully detailed in our unpublished opinion affirming defendant's conviction but reversing and remanding for resentencing. State v. Ruiz-Negron, No. A-1993-14 (App. Div. Mar. 10, 2017). A brief summary will suffice.

At approximately 11:30 p.m., four individuals committed an armed robbery at a gas mart in Dennis Township. The perpetrators hit a gas mart attendant in the back of the head with a handgun and took $200 cash from his person and a black Toshiba laptop computer. The attendant left the country sometime later, and did not return to testify at trial.

3

A-0119-17T4

In an unrelated drug investigation two months after the robbery, police searched a Woodbine Borough residence pursuant to a warrant and seized a black Toshiba laptop computer similar to the model stolen from the gas mart. After obtaining a Communications Data Warrant, officers found pictures of the gas mart attendant on the laptop, and determined it was the same device that was stolen from the gas mart. The two individuals who were arrested pursuant to the search gave statements to officers that linked defendant and co-defendants to the robbery.[1] Police subsequently located and arrested defendant and his two co-conspirators. They were charged in an eight-count indictment arising from the robbery.

Tried before a jury, defendant was found guilty on six counts, first-degree armed robbery, second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), second-degree unlawful possession of a firearm, second-degree aggravated assault, N.J.S.A. 2C:12-1(b), third-degree theft by an unlawful taking, N.J.S.A. 2C:20-3, and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a)(1). Thereafter, the trial judge, following merger, sentenced defendant as a persistent offender to an extended term of thirty-five years imprisonment, subject to NERA, for armed robbery, to be served concurrent with a

---

[1] They subsequently testified to those statements at trial without the State providing immunity or guaranteeing any reduction in charges as a result of their testimony.

persistent offender extended term of fifteen years imprisonment for unlawful possession of a firearm.

Defendant filed a direct appeal, which was consolidated with the appeals of his two co-defendants, who were also convicted for the same charges. All convictions were upheld, but we reversed the sentences and remanded for resentencing because the judge, contrary to well-established precedent, imposed two extended terms of imprisonment on each defendant. Ruiz-Negron, (slip op. at 24-25). We further stated, "the State may designate the offense to which a single extended term should apply." Id. (slip op. at 24). Defendant's certification to the Supreme Court was denied. State v. Ruiz-Negron, 231 N.J. 108 (2017).

At resentencing on July 21, 2017, three years following defendant's initial sentencing, the State requested that the judge impose the extended term on the first-degree armed robbery offense. Defendant did not object.

The judge applied aggravating factors three, six and nine, but found that no mitigating factors applied. N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); -1(a)(6) (the extent of defendant's prior criminal record and the seriousness of the current offense); and -1(a)(9) (the need to deter). He then determined defendant was a persistent offender under N.J.S.A. 2C:44-3(a), subject to an extended term under N.J.S.A. 2C:43-7, based on his convictions for: parole violation in November 2006;

fourth-degree aggravated assault conviction in February 2007, resulting in an aggregated eighteen-month prison term; and third-degree possession of a dangerous controlled substance within 1000 feet of a school zone in March 2009, resulting in a prison term of four years.

After an analyzing State v. Pierce, 188 N.J. 155 (2006), and State v. Dunbar, 108 N.J. 80 (1987), the judge applied an extended term to the first-degree robbery offense. He reconsidered the mitigating and aggravating factors, and again found that no mitigating factors applied, and that aggravating factors three, six and nine applied, and determined they established a strong need to protect the public by imposing an extended term against defendant. Following our remand directive, the judge did not impose an extended term on the unlawful possession of a firearm offense, but reduced the concurrent prison sentence for the conviction from fifteen years to ten years.

This appeal followed.

## II.

We initially point out the State contends that we not consider defendant's arguments on appeal and should affirm because they were not made during the resentencing. Normally, we "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is

A-0119-17T4

available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Nevertheless, under the circumstances of this case, we choose to consider defendant's arguments.

A.

In Point I, defendant argues the trial judge implicitly presumed that our remand required him to apply the extended term sentence to the robbery count and not the weapons count. Because he allegedly "barely qualifies" as a persistent offender, defendant maintains that the application of an extended term to the first-degree robbery offense resulted in an excessive sentence. We disagree.

Our court must review a trial court's decision to impose an extended term sentence for abuse of discretion. State v. Young, 379 N.J. Super. 498, 502 (App. Div. 2005). N.J.S.A. 2C:44-3(a) states:

> The court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term of imprisonment if . . .
>
> a. The defendant has been convicted of a crime of the first, second or third degree and is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is [twenty-one] years of age or over, who has been previously convicted on at least

7

two separate occasions of two crimes, committed at different times, when he was at least [eighteen] years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within [ten] years of the date of the crime for which the defendant is being sentenced.

Weight is given to "the prosecutor's determination regarding which offense is to be subject to an extended term[.]" State v. Thomas, 195 N.J. 431, 436 (2008). However, should the judge disagree with the State's recommendation and choose to impose an extended term sentence on a different offense, the reasons must be set forth on the record, as does the reasons for the sentence. Ibid.

We discern no abuse of discretion in the trial judge's decision to apply the extended term to the first-degree robbery charge, as recommended by the State. Consistent with N.J.S.A. 2C:44-3(a) and his analysis under Dunbar and Pierce, the judge reasonably determined defendant was a persistent offender due to his documented criminal history, a balancing of the mitigating and aggravating factors, and the need to protect the public, and therefore imposed a thirty-five-year NERA prison term.

## B.

In Point II, defendant contends the judge improperly relied on the presentence report from the previous sentencing and, as such, did not "assess [him] as he stood before the court[,]" as required by Randolph, 210 N.J. at 354. Defendant recognizes

that a judge may rely on a prior presentence report if a short time has passed and "there is no reason to believe that an updated report would produce new information." He maintains, however, that because three years have passed since the initial sentencing hearing, the original presentence report was not reliable, and he should be resentenced with an updated presentence report. We agree.

In Randolph, our Supreme Court held that "where the remand order is . . . limited in scope or is designed to correct a technical error," a defendant must "be assessed as he stands before the court at resentencing." Id. at 351. "[D]epending on the scope of the remand, the presentence report may be updated" at the discretion of the trial judge. Id. (quoting State v. Tavares, 286 N.J. Super. 610, 616 (App. Div. 1996)). Our remand did not limit the resentencing to those factors that existed when defendant was initially sentenced. Compare Ruiz-Negron, (slip op. at 24-25) (remanding for resentencing only to "correct the error" of applying two extended terms) with State v. Natale, 184 N.J. 458, 495-96 (2005) (specifying that, on remand, trial court was to make its determination "based on the record at the prior sentencing" and was told to "not make new findings concerning . . . aggravating and mitigating factors.")

In ordering resentencing, we were "satisfied that the sentencing [judge] appropriately considered and weighed the pertinent aggravating and mitigating

9

factors for each defendant" and concluded that "all of the defendants have criminal records that qualify them as persistent offenders eligible for extended terms." Ruiz-Negron, (slip op. at 9). Yet, our remand was not based upon technical errors, as the judge on resentencing was required to determine which offense to apply a single extended term to. As noted, the judge did an analysis under Pierce and Dunbar, and reconsidered the mitigating and aggravating factors. Thus, it was incumbent upon the judge to view defendant as he appeared at resentencing, which in turn warranted obtaining a new presentence report.

## C.

In Point III, defendant contends that he should be resentenced because the judge improperly imposed aggravating factor six (prior criminal history and seriousness of the current offense). He asserts that the two prior criminal offenses the judge used to apply aggravating factor six were the same offenses that qualified him for the extended term and, therefore, were double-counted. We conclude that this argument is without sufficient merit to be discussed in this opinion. R. 2:11-3(e)(2).

## III.

In his last brief point, defendant contends his counsel at resentencing was ineffective because he was not familiar with the facts of the case, the law of the case,

made no arguments in support of a lower sentence, and failed to indicate that the judge had the discretion to place the extended sentence on the second-degree unlawful possession of a firearm charge rather than the first-degree robbery charge. Claims of ineffective assistance of counsel are typically reserved for a future petition for post-conviction relief, and not resolved on direct appeal. See State v. Hess, 207 N.J. 123, 145 (2011) (citing State v. Preciose, 129 N.J. 451, 460 (1992)). Only when the ineffective assistance claim can be determined on the trial record alone is it appropriate to dispose of the issue on direct appeal. State v. Castagna, 187 N.J. 293, 313 (2006). However, because we are remanding for further resentencing, we need not determine whether counsel provided ineffective assistance at the initial resentencing.

Reversed and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0119-17T4