32 A.3d 562 (2011)
423 N.J. Super. 293
STATE of New Jersey, Plaintiff-Respondent,
v.
John J. LAWLESS, Jr., Defendant-Appellant.
Docket No. A-2064-10T3
Superior Court of New Jersey, Appellate Division.
Argued October 13, 2011.
Decided December 7, 2011.
*564 John J. Zarych, Northfield, argued the cause for appellant (Law Offices of John J. Zarych, attorneys; Mr. Zarych, on the brief).
Dara L. Paley, Assistant Prosecutor, argued the cause for respondent (Robert L. Taylor, Cape May County Prosecutor, attorney; J. Vincent Molitor, Assistant Prosecutor, of counsel and on the brief).
Before Judges CUFF, LIHOTZ[1] and WAUGH.
*565 The opinion of the court was delivered by
CUFF, P.J.A.D.
Defendant John Lawless, Jr., passed out while driving a motor vehicle, crossed the center line of the road and collided with an oncoming car, killing the driver of the oncoming car and injuring the two passengers in the vehicle. Defendant pled guilty to aggravated manslaughter, N.J.S.A. 2C:11-4a, and driving while intoxicated, N.J.S.A. 39:4-50.
The sentence was left to the discretion of the court. Defendant argues that the thirty-year term of imprisonment subject to the No Early Release Act (NERA)[2] eighty-five percent parole ineligibility term is manifestly excessive.
On appeal, defendant raises the following arguments:
I. ALTHOUGH A DEFENDANT'S SENTENCE IS WITHIN THE GUIDELINES RANGE, A COURT MAY STILL FIND A SENTENCE EXCESSIVE.
II. THE COURT ERRED IN CONSIDERING THE INJURIES OF THE ALLEGED VICTIMS OF THE DISMISSED COUNTS OF THE INDICTMENT WHEN IT DETERMINED THAT AGGRAVATING FACTOR TWO APPLIED.
III. THE LOWER COURT IMPERMISSIBLY CONSIDERED DEFENDANT'S PRIOR DRIVING WHILE INTOXICATED CONVICTIONS WHEN FINDING AGGRAVATING FACTOR NUMBER SIX APPLICABLE.
IV. THE LOWER COURT ERRED BY DOUBLE COUNTING THE DEFENDANT'S BLOOD ALCOHOL CONTENT, WHICH WAS USED WITH RESPECT TO THE CHARGE TO WHICH HE PLEADED GUILTY AS WELL AS AN AGGRAVATING FACTOR.
V. THE DEFENDANT'S SENTENCE OF 30 YEARS IN PRISON SUBJECT TO THE NO EARLY RELEASE ACT IS SO CLEARLY UNREASONABLE AS TO SHOCK THE CONSCIENCE.
We conclude that the application of aggravating factors two and six was not supported by the record. Therefore, we vacate the sentence and remand for resentencing based upon the applicable aggravating factors.
One of the primary goals of the Code of Criminal Justice (the Code), N.J.S.A. 2C:1-1 to 2C:98-4, is to improve the consistency of sentences. State v. Kromphold, 162 N.J. 345, 352, 744 A.2d 640 (2000). To advance that goal, the Code contains a framework for "structured discretion" in crafting a sentence. State v. Roth, 95 N.J. 334, 345, 471 A.2d 370 (1984). When a sentence is challenged on appeal as excessive, a reviewing court must first determine whether the correct sentencing guidelines have been followed. Id. at 365, 471 A.2d 370. The fundamental sentencing guideline of the Code is that the punishment fit the crime, not the criminal. State v. Hodge, 95 N.J. 369, 376, 471 A.2d 389 (1984). The "inexorable focus" upon the offense is required when formulating a sentence. Roth, supra, 95 N.J. at 367, 471 A.2d 370.
A reviewing court must then determine whether substantial evidence exists *566 in the record to support the findings of fact upon which the sentencing court based the application of those guidelines. Id. at 366, 471 A.2d 370. Finally, it must determine whether, in applying those guidelines to the relevant facts, the trial court clearly erred in reaching a conclusion that could not have reasonably been made upon a weighing of the relevant factors. Ibid.
When a trial court follows the sentencing guidelines, a reviewing court should not second-guess the sentencing court's decision. State v. Jabbour, 118 N.J. 1, 5, 570 A.2d 391 (1990). Indeed, an appellate court "does not sit to substitute its judgment for that of the trial court." Id. at 6, 570 A.2d 391; State v. O'Donnell, 117 N.J. 210, 215, 564 A.2d 1202 (1989). So long as the trial court properly identifies and balances aggravating and mitigating factors that are supported by competent, credible evidence in the record, the reviewing court must affirm the defendant's sentence. Jabbour, supra, 118 N.J. at 6, 570 A.2d 391; O'Donnell, supra, 117 N.J. at 215, 564 A.2d 1202. In other words, unless the sentencing court was "clearly mistaken," State v. Jarbath, 114 N.J. 394, 401, 555 A.2d 559 (1989), or a sentence otherwise "shocks the judicial conscience," Roth, supra, 95 N.J. at 365, 471 A.2d 370, an appellate court is bound to affirm. See O'Donnell, supra, 117 N.J. at 215, 564 A.2d 1202; cf. State v. Dunbar, 108 N.J. 80, 83, 527 A.2d 1346 (1987) (sentence within statutory guidelines may strike reviewing court as harsh, but that is a consequence of the legislative scheme and not error by trial court).
In four opinions over the last three years, the Supreme Court has further clarified the scope of our review of a sentence. In State v. Cassady, 198 N.J. 165, 183, 966 A.2d 473 (2009), the Court reviewed a sentence consisting of consecutive maximum terms of imprisonment for two second degree robbery offenses. Noting that a twenty-year term "may, at first blush, appear harsh," the Court affirmed the sentence because the judge faithfully applied the Yarbough[3] factors and applied the aggravating and mitigating factors appropriately. Ibid. Under these circumstances, the Court held that the sentence could not be disturbed. Id. at 183-84, 966 A.2d 473. The Court stated:
In those instances, our task is clear. If a sentencing court observes the procedural protections imposed as part of the sentencing process, its exercise of sentencing discretion must be sustained unless the sentence imposed "shocks the judicial conscience."
[Ibid.]
The Court found that the twenty-year term did not "shock [the] judicial conscience" and affirmed. Id. at 184, 966 A.2d 473.
In State v. Bieniek, 200 N.J. 601, 608, 985 A.2d 1251 (2010), the Court extended the rule of appellate deference to trial court sentencing discretion to the explanation delivered at sentencing in support of the selected sentence. The defendant pled guilty to first degree aggravated manslaughter and second degree aggravated assault pursuant to a plea bargain in which the State recommended an eighteen-year term of imprisonment. Id. at 605, 985 A.2d 1251. This court remanded for reconsideration of the sentence and to permit the defendant's counsel to argue for a reduced sentence. Id. at 606, 985 A.2d 1251. In a supplemental statement of reasons for the remand, this court explained *567 that it needed a full discussion of the mitigating factors argued by the defendant and apparently rejected by the sentencing judge. Id. at 607, 985 A.2d 1251. Although the Court acknowledged the explanation provided by the sentencing judge "is important for meaningful appellate review," Id. at 608, 985 A.2d 1251, the Court emphasized the sentencing judge is not required to explicitly accept or reject each mitigating factor advanced by a defendant. Id. at 609, 985 A.2d 1251. Rather, if the sentencing judge provides reasons for imposing a sentence and if the reviewing court "can readily deduce" the judge's consideration of relevant mitigating factors, an appellate tribunal may not disturb the sentence. Ibid. The Court proceeded to review the judge's explanation at sentencing and discerned he considered and rejected mitigating factors two, four, seven, and nine, even though the judge did not specifically refer to those mitigating factors. Id. at 609-10, 985 A.2d 1251. In conclusion, the Court emphasized an appellate court will defer to a sentence if the judge adheres to the sentencing principles of the Code and case law, and further remarked that appellate disturbance of such a sentence is unacceptable "second-guessing." Id. at 612, 985 A.2d 1251.
In State v. Thomas, 195 N.J. 431, 437, 950 A.2d 209 (2008), the Court underscored the need for an explanation for imposing an extended term on a particular count, especially when the count selected by the judge is contrary to the request of the prosecutor. In the absence of that explanation, the remedy is a remand to the sentencing judge or our exercise of original jurisdiction. Ibid.
Finally, in State v. Miller, 205 N.J. 109, 122, 13 A.3d 873 (2011), the Court again addressed the deference an appellate panel must accord to a sentence and the appropriateness of a remand for further explanation of the imposed sentence. In Miller, the judge imposed consecutive terms on two robbery counts. Id. at 115, 13 A.3d 873. In spite of the admonition in Yarbough, supra, 100 N.J. at 643, 498 A.2d 1239, that a judge must state the reasons for imposing a consecutive term, the Miller judge did not address the Yarbough factors. Id. at 129, 13 A.3d 873. The Court held the remedy for such an omission is a remand to the sentencing court. Id. at 130, 13 A.3d 873. The Court recognized it had previously instructed this court to conduct its review of a sentence to determine whether we could "`readily deduce'" the reasons for the sentence. Id. at 129, 13 A.3d 873 (quoting Bieniek, supra, 200 N.J. at 609, 985 A.2d 1251). The Court emphasized, however, the absence of any explanation forecloses an appellate panel from performing that exercise. Id. at 129-30, 13 A.3d 873. The Court explained:
We can safely "discern" the sentencing court's reasoning when the record is clear enough to avoid doubt as to the facts and principles the court considered and how it meant to apply them. To go further, however, may involve speculation about what the sentencing court meant.
[Id. at 130, 13 A.3d 873]
With the limits on our review of a sentence elucidated, we turn to the specific sentence before us.
On September 12, 2009, defendant drove from Philadelphia to Wildwood to attend a gathering of motorcyclists. During the day, defendant consumed approximately twelve beers. At approximately 8:27 p.m. while driving home, he passed out. His car crossed the center line of the roadway and struck an on-coming car. The driver of the other car died; his wife, the front-seat passenger, received life-threatening injuries; his daughter, the rear-seat passenger, *568 sustained multiple non-life-threatening injuries. Defendant admits he was intoxicated at the time and driving with a suspended license. His blood alcohol content registered .229. Defendant also admits that he entered his guilty plea before the trial judge ruled on a motion to permit admission of his other driving while intoxicated convictions in Pennsylvania.
The presentence report revealed seven prior driving while intoxicated arrests in Philadelphia between 1996 and 2005. His first arrest was resolved through a diversionary program. Subsequently, he was convicted of driving while intoxicated four times. One of these convictions appears to have involved injuries to a third party. One driving while intoxicated charge was dismissed in accordance with a speedy trial rule and a bench warrant had been issued for a seventh charge. Prior to his arrest and indictment for this September 2009 accident, defendant had not sought any treatment for alcohol abuse. While incarcerated pending disposition of the present charges, defendant enrolled in an AA/NA at the county jail and had responded well to the program.
Here, the judge conducted a lengthy sentencing hearing at which he received the arguments of counsel and the comments of those affected by defendant's actions, including the decedent's daughter who was a passenger in the car, decedent's two older daughters, decedent's sister-in-law, friends, the girlfriend of decedent's son, and a clergyman who ministered to the surviving members of the family, as well as defendant's two brothers and defendant. The judge delivered a twenty-six page explanation of the thirty-year term of imprisonment he imposed. In doing so, the judge identified aggravating factors two, N.J.S.A. 2C:44-1a(2); three, N.J.S.A. 2C:44-1a(3); six, N.J.S.A. 2C:44-1a(6); and nine, N.J.S.A. 2C:44-1a(9). He also stated that he assigned great weight to aggravating factors two, three, and nine, and substantial weight to aggravating factor six. Thus, this is not a case where we must discern the reasons for the sentence but one in which we must determine whether the judge has correctly identified the aggravating factors. Absent a departure from the sentencing guidelines, we must defer to the sentence imposed by the judge.
The judge found aggravating factor two, the gravity and seriousness of the harm inflicted by defendant, applicable and accorded it great weight. He cited not only the death of the driver, but also the critical injuries sustained by his wife and the less severe injuries suffered by the driver's daughter. Defendant argues the judge committed legal error by considering injuries suffered by other passengers in the car because defendant pled guilty to charges involving a single victim.
In Kromphold, supra, the Court emphasized that aggravating factor two permits "a pragmatic assessment of the totality of the harm inflicted on the victim." 162 N.J. at 358, 744 A.2d 640. This court, in State v. Devlin, further elaborated on the permissible considerations for aggravating factor two. 234 N.J.Super. 545, 556-57, 561 A.2d 280 (App.Div.), certif. denied, 117 N.J. 653, 569 A.2d 1348 (1989). In Devlin, the defendant struck an on-coming car head-on killing the driver and injuring the driver's daughter. Id. at 548, 561 A.2d 280. In fashioning the sentence for death by auto, N.J.S.A. 2C:11-5, of the mother, and assault by auto, N.J.S.A. 2C:12-1c, of her surviving daughter, we permitted the sentencing judge to consider the "far-reaching effects on the victim's family." Id. at 550, 557, 561 A.2d 280; accord State v. Travers, 229 N.J.Super. 144, 154, 550 A.2d 1281 (App.Div.1988) (permitting the sentencing judge to consider "the gravity *569 of the harm inflicted on the victims and upon their families"). In each case, the defendant pled guilty to charges involving more than one victim.
A distinction must be drawn between the direct harm inflicted on the victim of the particular charge to which the defendant pleads and the direct harm inflicted upon third parties. A "victim" is defined as "[t]he person who is the object of a crime or tort, as the victim of a robbery is the person robbed." Black's Law Dictionary, 1567 (6th ed. 1990). It follows then, that the harm to an individual not the "object of the crime" cannot be considered harm to a victim of that offense. In State v. Carey, 168 N.J. 413, 425-26, 775 A.2d 495 (2001), the Court permitted the judge to consider the extensive injuries suffered by two passengers in the car in fashioning the sentence for death by auto for the two persons who died in the accident. Significantly, the jury found the defendant guilty of two counts of fourth degree assault by auto relating to the injured passengers. Id. at 425, 775 A.2d 495. As such, they were properly considered victims of the defendant's actions.
We have located no case in which the Court has approved consideration of the direct effect of a defendant's actions on people other than the victim of the offense for which a defendant was being sentenced. In fact, in State v. Radziwil, we held aggravating factor two relates only to the harm inflicted on the victim of the offense, not the family. 235 N.J.Super. 557, 575, 563 A.2d 856 (App.Div.), aff'd, 118 N.J. 233, 570 A.2d 983 (1989). We stated, "[t]he wording of N.J.S.A. 2C:44-1a(2), which includes consideration of the victim's power of resistance, indicates that the Legislature intended this aggravating factor to relate to harm inflicted on the `victim of the offense' rather than the victim's relatives." Ibid. By contrast, the cases in which the judge properly considered the effect of the defendant's conduct on other occupants of a car or building involved circumstances where the defendant had been charged and convicted of offenses involving those other occupants. See e.g., Carey, supra, 168 N.J. at 413, 429-30, 775 A.2d 495 (imposing sentence on multiple charges involving multiple victims); State v. Molina, 168 N.J. 436, 443, 775 A.2d 509 (2001) (same); Devlin, supra, 234 N.J.Super. at 550, 561 A.2d 280 (same); Travers, supra, 229 N.J.Super. at 154, 550 A.2d 1281 (same); State v. Lewis, 223 N.J.Super. 145, 153, 538 A.2d 399 (App.Div.1988) (same). We conclude, therefore, that the harm caused to injured and non-injured family members of a single victim is not a basis to invoke aggravating factor two.
The judge also identified aggravating factor six, the extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted, and accorded it substantial weight. He considered defendant's prior driving under the influence of alcohol convictions in the Commonwealth of Pennsylvania, noting they are not indictable offenses in New Jersey. Defendant argues the judge committed legal error by considering these out-of-state convictions under factor six.
"A court's findings assessing the seriousness of a criminal record . . . involve determinations that go beyond the simple finding of a criminal history and include an evaluation and judgment about the individual in light of his or her history." State v. Thomas, 188 N.J. 137, 153, 902 A.2d 1185 (2006). Driving while under the influence of alcohol is not a "crime" as defined by N.J.S.A. 2C:1-4, or an "offense" as defined by N.J.S.A. 2C:1-14k. Radziwil, supra, 235 N.J.Super. at 575-76, 563 A.2d 856. Hence, such prior convictions cannot support consideration of aggravating factor six. Ibid.
*570 On the other hand, the judge also applied aggravating factor three, the risk that defendant will commit another offense. In doing so, he referenced defendant's substantial history of driving while intoxicated and in some instances while his license was suspended. A judge may consider prior N.J.S.A. 39:4-50 convictions "as part of defendant's overall personal history" as well as "pertinent to the risk that defendant would commit another offense and the need for deterrence." Id. at 576 n. 3, 563 A.2d 856; see also State v. Pindale, 249 N.J.Super. 266, 288, 592 A.2d 300 (App.Div.1991) (approving consideration of the defendant's prior driving record in sentencing on first degree aggravated manslaughter and fourth degree assault by auto charges, which "involved the operation of a motor vehicle"); Devlin, supra, 234 N.J.Super. at 557, 561 A.2d 280 (approving consideration of the risk of recidivism based on the defendant's prior N.J.S.A. 39:4-50 conviction).
Thus, the sentencing judge appropriately applied aggravating factor three. Moreover, the record firmly supports according defendant's driving while intoxicated history great weight. Over nine years, defendant was arrested eight times for driving while intoxicated. At no time had he sought treatment for alcohol abuse. In addition, defendant continued to drive a motor vehicle even when his driver's license had been suspended or revoked. This record unequivocally demonstrates a horrendous risk of other catastrophic driving offenses.
Lastly, the judge identified aggravating factor nine, the need for deterring defendant and others from violating the law, and accorded it great weight. Regarding the need to deter defendant, the judge found defendant demonstrated a disregard for the law, based, in part, on his prior driving while intoxicated convictions and the circumstances attendant to this accident, including defendant's .229 blood alcohol content. The judge again noted defendant's blood alcohol content with regards to the need to deter the public. Defendant argues the judge committed legal error by double-counting his blood alcohol content.
Where a high level of intoxication is, in part, the basis for the reckless element of an aggravated manslaughter conviction, the sentencing judge cannot consider that fact in fashioning aggravating factor one. See Kromphold, supra, 162 N.J. at 356, 744 A.2d 640 (finding "the sentencing court double-counted the defendant's [.382] level of intoxication by supporting the first aggravating factor with the same evidence that the jury was authorized to consider in determining whether the State had proved `recklessness,'" even where additional evidence, such as the defendant's reckless manner of driving, was produced at trial). In applying factor nine, however, a judge may make "determinations that go beyond the simple finding of a criminal history and include an evaluation and judgment about the individual in light of his or her history." Thomas, supra, 188 N.J. at 153, 902 A.2d 1185; see also Devlin, supra, 234 N.J.Super. at 557, 561 A.2d 280 (permitting assessment of the defendant's likelihood to avoid alcohol for aggravating factor nine); Travers, supra, 229 N.J.Super. at 154, 550 A.2d 1281 (permitting consideration of "the risk, inferred from facts in the presentence report which were not denied by the defendant, that he was not cognizant of his drinking problem and would be likely to repeat his conduct"); State v. Varona, 242 N.J.Super. 474, 491, 577 A.2d 524 (App.Div.) (permitting consideration of the large amount of drugs found on the defendant in application of factor nine), certif. denied, 122 N.J. 386, *571 585 A.2d 389 (1990). Here, the judge did not double count. Rather, he considered defendant's high blood alcohol content in assessing a need to deter defendant and the public. The judge did not err in applying factor nine.
N.J.S.A. 2C:11-4c provides that an ordinary term of imprisonment ranges between ten and thirty years. A thirty-year term is a legal term. N.J.S.A. 2C:11-4c; N.J.S.A. 2C:44-1. The actual term imposed by judges for this offense varies considerably. Compare State v. Kotter, 271 N.J.Super. 214, 228, 638 A.2d 825 (App.Div.) (concurrent thirty-year base terms with ten-year parole ineligibility periods severe but measured under the circumstances), certif. denied, 137 N.J. 313, 645 A.2d 141 (1994); with Bieniek, supra, 200 N.J. at 601, 606, 985 A.2d 1251 (eighteen-year term with an eighty-five percent parole disqualifier for a nineteen-year-old defendant with a prior juvenile record).[4]
We remand, however, for reconsideration of the sentence. We have found that aggravating factors two and six are not appropriate factors in this case. The judge assigned great weight to aggravating factor two and substantial weight to aggravating factor six. Given the sentence, it is appropriate for the judge to consider whether aggravating factors three and nine support the imposed term. In doing so, "[w]e offer no view on the outcome of that hearing because the decision to impose [a maximum term] rests in the first instance with the trial court." Miller, supra, 205 N.J. at 130, 13 A.3d 873. Whether the elimination of the two inappropriately applied aggravating factors warrant a different sentence is a determination to be made by the sentencing judge on remand.
The offense to which defendant pled guilty is a grave offense and the circumstances attendant to the offense require a strong response. Nevertheless, when a judge imposes a maximum term, and one subject to a substantial parole ineligibility term, it is critical that the factors informing the exercise of the judge's sentencing discretion be in full accordance with the law. It is for this reason that we remand for reconsideration of the sentence.
Remanded for reconsideration of sentence within ninety days of the date of this opinion. We retain jurisdiction.
NOTES
[1] Judge Lihotz did not participate in oral argument. However, with the consent of counsel she has joined this opinion. R. 2:13-2(b).
[2] N.J.S.A. 2C:43-7.2.
[3] State v. Yarbough, 100 N.J. 627, 643-44, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986).
[4] We have excluded cases prior to the 1986 amendment of N.J.S.A. 2C:11-4c increasing the maximum sentence for aggravated manslaughter from twenty to thirty years.