**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4742-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN J. LAWLESS, a/k/a
JOHN GRANOZO, JOHN
LAWLESS, JR.,

     Defendant-Appellant.

_____

Submitted November 27, 2018 – Decided January 14, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 10-01-0022.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John J. Lawless appeals from an April 7, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends that the PCR court erroneously denied his petition as untimely and that he was entitled to an evidentiary hearing because he established a prima facie case of ineffective assistance of counsel. We disagree and affirm. Defendant's PCR petition was time-barred and otherwise lacked merit.

I.

In September 2009, defendant attended a gathering of motorcyclists. While at the gathering, defendant consumed twelve beers. He then began to drive home. As he was driving, he blacked out, crossed the centerline of the roadway, and struck an oncoming car. The driver of the other car died. The driver's wife and daughter, who were passengers, were both injured. Defendant had previously been arrested for driving while intoxicated seven times and convicted of that offense four times. At the time of the accident, his license was suspended.

In September 2010, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and driving while intoxicated, N.J.S.A. 39:4-50. At sentencing, the trial court found no mitigating factors and four

aggravating: factor two, N.J.S.A 2C:44-1(a)(2) (gravity and seriousness of harm); factor three, N.J.S.A 2C:44-1(a)(3) (risk of re-offending); factor six, N.J.S.A 2C:44-1(a)(6) (prior criminal record); and factor nine, N.J.S.A 2C:44-1(a)(9) (need for deterrence). Defendant was then sentenced to thirty years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, defendant challenged only his sentence. We remanded for resentencing because aggravating factors two and six were not supported by the record. State v. Lawless, 423 N.J. Super. 293 (App. Div. 2011), aff'd, 214 N.J. 594 (2013). The Supreme Court affirmed and held that the facts used to support aggravating factor two actually supported factor one, N.J.S.A 2C:44-1(a)(1) (nature and circumstances of the offense). Lawless, 214 N.J. at 615.

At the resentencing, conducted in August 2013, the court found aggravating factors one, three, and nine, but no mitigating factors. Defendant was sentenced to twenty-four years in prison subject to NERA. Defendant appealed his second sentence, but we affirmed. State v. Lawless, No. A-0830-13 (App. Div. Aug. 21, 2015) (slip op. at 5). Thereafter, on November 25, 2015, the Supreme Court denied defendant's petition for certification. State v. Lawless, 223 N.J. 554 (2015).

On April 8, 2016, defendant filed a petition for PCR. He was assigned counsel and the PCR court heard oral argument on January 30, 2017. On March 29, 2017, the court read into the record its oral decision denying defendant's petition, and on April 7, 2017, the court entered an order memorializing that decision. The PCR court determined that the petition was untimely under Rule 3:22-12(a)(1), and defendant failed to establish a basis to relax the time bar. The PCR court also found that the petition failed to establish a prima facie case of ineffective assistance of counsel.

II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT ONE – THE PCR COURT ERRED IN CONCLUDING THAT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME BARRED BECAUSE DEFENDANT'S FAILURE TO FILE HIS PETITION WITHIN FIVE YEARS OF HIS CONVICTION WAS DUE TO EXCUSABLE NEGLECT AND ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.
>
> POINT TWO – DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR FAILING TO ARGUE THAT THE RESULTS OF DEFENDANT'S BLOOD TEST SHOULD HAVE BEEN SUPPRESSED BECAUSE THE BLOOD WAS

A-4742-16T2

DRAWN WITHOUT CONSENT AND WITHOUT A
WARRANT.

We reject defendant's arguments and find his petition was time-barred. Moreover, defendant's PCR petition lacks substantive merit.

Rule 3:22-12(a)(1)(A) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether

there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Here, defendant was first sentenced on November 12, 2010. His petition for PCR, however, was filed over five years later on April 8, 2016. Defendant argues excusable neglect existed because he appealed his sentence, there was a remand for resentencing, and then he appealed his second sentence. Defendant contends that it was only in November 2015, after the Supreme Court denied his petition for certification from the affirmance of his second sentence, that he began to focus on a PCR to challenge his conviction.

There are two problems with that argument. First, as defendant himself acknowledges, the pendency of a direct appeal does not toll the running of the five-year limitation period imposed by Rule 3:22-12. State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996).

Second, defendant's appeal of his sentence is not excusable neglect for failing to file a timely petition to challenge his underlying conviction. Initially, it is important to point out that defendant is seeking to challenge his conviction for aggravated manslaughter. Consequently, the relevant judgment of conviction is defendant's first sentence imposed on November 12, 2010. Defendant did not challenge his conviction on his direct appeal. Instead,

defendant only challenged his sentence. See Lawless, 423 N.J. Super. at 298. When the Supreme Court accepted certification, it did so on the State's motion for leave to appeal concerning the interpretation of aggravating factor two. See Lawless, 214 N.J. at 605.

Defendant argues that his trial counsel was ineffective in failing to move to suppress his blood draw. At the time that defendant pled guilty in 2010, the general understanding was that warrantless blood draws were allowed on the basis of alcohol dissipation. See State v. Adkins, 221 N.J. 300, 316 (2015). In his PCR petition, defendant relies on the United States Supreme Court ruling in Missouri v. McNeely, 569 U.S. 141 (2013), which held that there is no per se rule of exigency based on alcohol dissipation and a warrantless blood draw required a showing of exigency based on the totality of the circumstances. Id. at 156. Following McNeely, our Supreme Court held that the McNeely totality-of-the-circumstances analysis was to be given pipeline retroactivity to cases that were still on direct appeal. Adkins, 221 N.J. at 316-17.

Since defendant is relying on McNeely as a basis for his argument concerning ineffective assistance of counsel, he should have filed his PCR petition in 2013 when McNeely was decided. Even after the Adkins decision was issued on May 4, 2015, defendant still had time within the permissible five

A-4742-16T2

years to file his petition. Defendant, however, waited over ten months after Adkins was decided, and nearly five months after the expiration of his five-year period, to file his PCR petition. Thus, defendant has not shown excusable neglect.

Even if we were to consider the merits of his petition, defendant has failed to establish a prima facie showing of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, defendant must demonstrate (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard in New Jersey). To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Here, defendant failed to show a prima facie case of either prong of the Strickland test. As already noted, at the time that defendant pled guilty in 2010,

the accepted understanding was that a warrantless blood draw was legal because the dissipation of alcohol constituted an exigency justifying a warrantless search. See Adkins, 221 N.J. at 316. Accordingly, defendant's counsel was not ineffective in failing to make a motion to suppress the blood draw.

Defendant has also made no showing that a motion to suppress his blood draw would have been successful even under the McNeely totality-of-the-circumstances test. If the State can show exigent circumstances, a warrantless blood draw is lawful. McNeely, 569 U.S. at 156. Defendant's blood was drawn after a fatal automobile accident, during which two passengers were also injured. Defendant, himself, had blacked out. In his petition, however, defendant presented no facts that such a fatal accident did not involve exigent circumstances under the McNeely totality-of-the-circumstances test. Therefore, defendant has also failed to make a prima facie showing of the second, prejudicial prong of the Strickland test.

Finally, there was no showing that required an evidentiary hearing on defendant's PCR petition. A defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of the petition. R. 3:22-10(b). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts

alleged in the light most favorable to the defendant, will ultimately succeed on the merits." Ibid.; see also State v. Porter, 216 N.J. 343, 355 (2013); State v. Preciose, 129 N.J. 451, 462-63 (1992). As we have just summarized, defendant did not present a prima facie showing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4742-16T2