**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2462-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL E. ROSS a/k/a
MICHAEL E. ROSS, II,

     Defendant-Appellant.

_____

Submitted November 4, 2019 – Decided December 23, 2019

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 06-10-1640.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth Elizabeth Hunter, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Nancy Anne Hulett, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2008, a jury convicted defendant Michael Ross II of two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and related charges in the 2003 shooting deaths of Alesky Bautin and Sergey Barbashov, killed as they sat in a car outside an apartment complex in Avenel. State v. Michael Ross II, No. A-2193-08 (App. Div. March 8, 2016) (slip op. at 1–2), aff'd, 229 N.J. 389 (2017). The trial judge sentenced defendant to two consecutive life terms of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a consecutive five-year term on defendant's conviction for hindering apprehension. Id. at 2.

We affirmed defendant's convictions. Id. at 4. Although we found no fault in the imposition of consecutive terms for the two murders, id. at 33, we remanded the matter to the trial judge for resentencing "to explain fully the justification for imposing [two maximum terms], particularly after . . . rejecting the State's argument that other specific aggravating factors were present and finding only the frequently-found aggravating factors three, six and nine applied." Id. at 35. We also noted our agreement "with defendant that the judge gave no explanation for the imposition of a consecutive term on the hindering charge." Ibid.

A-2462-17T2

Resentencing took place before the trial judge. Defendant supplied the court with various certifications demonstrating his completion of courses offered in prison, "character letters" from several individuals, and defendant, his father, and the mother of his thirteen-year-old daughter addressed the judge. The judge also considered the statement made by defendant's grandmother at the original sentencing, which was included in the transcript of those proceedings. Defense counsel urged the judge to impose concurrent sentences that did not exceed forty years in the aggregate.

The prosecutor requested that the judge impose the same sentences as he did previously. He asked the judge to find the same aggravating sentencing factors, and, in addition, aggravating factor one. See N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner"). Noting that one victim lived for a short time after being shot, the prosecutor stated that although the judge did not find this factor at the time of the original sentencing, the transcript revealed the judge's language "seem[ed] to indicate that [he] believe[d] . . . [a]ggravating [f]actor [one] was there." He asked the judge to consider factor one "for the purposes of justifying consecutive life terms." The prosecutor also cited defendant's disciplinary

record in prison, which indicated a 2014 adjudication for "fighting and conduct that disrupts[.]"

After reviewing the underlying facts of the case, the judge said:

> So, in terms of the aggravating factors, in reviewing, I agree with the prosecutor that I basically didn't specifically cite [a]ggravating [f]actor [one] back on August 13[], 2008, but basically . . . as the Appellate Division said, the frequently found [a]ggravating [f]actors [three, six and nine], basically, you're always concerned about double counting. But looking at this case and having time to revisit the case, I do find [a]ggravating [f]actor [one] . . . .

Again describing the evidence adduced at trial, the judge continued,

> So, I believe that . . . the nature and circumstances of the offense, that basically it wasn't just where [defendant] came across someone, they got in an argument. No, nothing like that. Basically, [defendant] mistook [the victims], he then premeditated, he planned it by going back, getting the handgun . . . returning and just blowing them away. And that basically is a very cruel, depraved manner in which he committed these offenses.

The judge reiterated his findings as to aggravating factors three, six and nine, and found no mitigating factors. After merging all other offenses, including the hindering conviction, into the murder convictions, the judge again imposed two consecutive life terms subject to NERA. This appeal followed.

Defendant raises the following points for our consideration:

4

POINT I

THE RESENTENCING COURT SHOULD HAVE CONSIDERED DEFENDANT'S YOUTH AND, AS A RESULT, SHOULD HAVE FOUND THAT DEFENDANT DOES NOT DESERVE A SENTENCE THAT IS EQUIVALENT TO LIFE WITHOUT PAROLE, I.E., TWO CONSECUTIVE LIFE SENTENCES SUBJECT TO NERA. SEE STATE v. ZUBER, 227 N.J. 422, 429 (2017); MILLER v. ALABAMA, 567 U.S. 460, 471 (2012).[1]

POINT II

THE RESENTENCING COURT DOUBLE COUNTED AGGRAVATING FACTORS, IMPROPERLY ADDED AGGRAVATING FACTOR ONE, AND FAILED TO CONSIDER THE REAL-TIME CONSEQUENCES OF TWO CONSECUTIVE LIFE SENTENCES SUBJECT TO NERA.

POINT III

THE RESENTENCING COURT FAILED TO CONSIDER DEFENDANT'S REHABILITATIVE EFFFORTS (sic) SINCE THE TIME OF THE ORIGINAL SENTENCING. SEE STATE v. RANDOLPH, 210 N.J. 330 (2012).

We reject the argument raised in Point I. In Zuber, the Court said, "In the past decade, the United States Supreme Court has sent a clear message . . . : 'children are different' when it comes to sentencing, and 'youth and its attendant

---

[1] We have omitted the sub-points contained in defendant's brief.

A-2462-17T2

characteristics' must be considered at the time <u>a juvenile is sentenced to life</u> <u>imprisonment without the possibility of parole</u>." 227 N.J. at 429 (emphasis added) (quoting <u>Miller</u>, 567 U.S. at 465, 480). The Court approved consideration of a number of sentencing factors cited in <u>Miller</u> and held "that[] before a judge imposes consecutive terms that would result in <u>a lengthy overall</u> <u>term of imprisonment for a juvenile</u>, the court must consider the <u>Miller</u> factors along with other traditional concerns." <u>Ibid.</u> (emphasis added) (citing <u>State v.</u> <u>Yarbough</u>, 100 N.J. 627 (1985)).[2]

At his resentencing, defendant did not argue that <u>Zuber</u> should apply and, even if we were to consider the merits of this contention raised for the first time on appeal, <u>Zuber</u> has no impact on our review of defendant's sentence. Defendant was almost twenty-one years of age when he committed the murders. Simply put, he was not a juvenile.

Defendant cites certain neuroscientific studies and law review articles for the proposition that one's brain continues to develop into one's twenties and argues, therefore, that the judge should have considered the <u>Miller</u> factors upon

---

[2] These factors include: "'the mitigating qualities of youth' . . . including immaturity and 'failure to appreciate risks and consequences'; 'family and home environment'; family and peer pressures; 'an inability to deal with police officers or prosecutors' or the juvenile's own attorney; and 'the possibility of rehabilitation.'" <u>Zuber</u>, 227 N.J. at 429 (quoting <u>Miller</u>, 567 U.S. at 478).

resentencing. We do not dismiss these findings about a young adult's neurodevelopment. A court already may appropriately consider a young adult's youth and immaturity as a mitigating factor under N.J.S.A. 2C:44-1(b)(13) ("[t]he conduct of a youthful defendant was substantially influenced by another person more mature than the defendant"), as well as, if the circumstances warrant, under (2) ("[t]he defendant did not contemplate that his conduct would cause or threaten serious harm"); (4) ("[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"); and (8) ("[t]he defendant's conduct was the result of circumstances unlikely to recur"). But, defendant cites no controlling case law that has expanded Miller's holding to sentences imposed on young adults, as opposed to juvenile offenders tried as adults.

Defendant cites to an appellate court decision from Illinois, People v. House, where, relying on the state constitution, the court ordered resentencing of a nineteen-year old defendant who faced a mandatory life sentence. 72 N.E.3d 357, 388–89 (Ill. App. Ct. 2015). Defendant fails to note, however, that the Illinois Supreme Court directed the appellate court to vacate its judgment and reconsider the defendant's sentencing in light of the court's subsequent decision in People v. Harris, 120 N.E.3d 900 (Ill. 2018). 111 N.E.3d 940 (Ill.

7

2018).  In <u>Harris</u>, the Illinois court refused to extend <u>Miller</u> to defendants over the age of eighteen and noted such claims "have been repeatedly rejected." <u>Harris</u>, 120 N.E.3d at 914 (collecting cases).

In Point III, citing <u>Randolph</u>, 210 N.J. at 354, defendant asserts the judge did not consider his "rehabilitative efforts" while in prison, and therefore failed to "view defendant as he [stood] before the court" on the day of resentencing. We disagree.  The judge could have provided a more fulsome discussion of the certificates produced by defendant demonstrating that he took advantage of various courses while in prison.  However, the judge acknowledged his receipt and review of the information.  We can fairly infer that he concluded defendant's laudable rehabilitative efforts did not justify a finding of any specific mitigating sentencing factor.  <u>See</u> N.J.S.A. 2C:44-1(b).  We find no mistaken exercise of discretion by the judge in this regard and no basis to reverse the sentences imposed on this ground.

In Point II, defendant argues the judge "double counted" by relying upon elements of the offense in finding aggravating factor one.  He further asserts the judge "added" an aggravating factor upon resentencing that he failed to find at the original sentencing, without explaining "what had changed about the facts of the crime to defendant's detriment."  Defendant argues that the judge failed

to consider the "real-time consequences" of the sentence, since the two consecutive NERA life sentences means defendant must serve 127.5 years before becoming eligible for parole.

"Appellate review of the length of a sentence is limited." State v. Miller, 205 N.J. 109, 127 (2011).

> The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364–65 (1984)).]

As to aggravating factor one, "the sentencing court reviews the severity of the defendant's crime, 'the single most important factor in the sentencing process,' assessing the degree to which defendant's conduct has threatened the safety of its direct victims and the public." State v. Lawless, 214 N.J. 594, 609 (2013) (quoting State v. Hodge, 95 N.J. 369, 378–79 (1984)). "When it assesses whether a defendant's conduct was especially 'heinous, cruel, or depraved,' a sentencing court must scrupulously avoid 'double-counting' facts that establish the elements of the relevant offense." Fuentes, 217 N.J. at 74–75 (citing

Yarbough, 100 N.J. at 645; State v. Kromphold, 162 N.J. 345, 353 (2000)). Aggravating factor one may properly be found "by reference to the extraordinary brutality involved in an offense[,]" id. at 75 (citing State v. O'Donnell, 117 N.J. 210, 217 (1989)), or if "defendant's behavior extended to the extreme reaches of the prohibited behavior." Id. at 76 (quoting State v. Henry, 418 N.J. Super. 481, 493 (Law Div. 2010)).

Certainly, the judge's vivid description of the crimes at the time of resentencing was intended to satisfy these requirements. Referring to the double homicide as an "assassination" and act of "domestic terrorism," the judge detailed how defendant planned the fatal assault as an act of revenge, and shot both innocent victims in a case of mistaken identity. However, as the Court pointed out in Fuentes, aggravating factor one is usually reserved to those situations in which the defendant cruelly inflicts pain and suffering to the victim, in addition to causing death. Id. at 75 (collecting cases). Here, the prosecutor argued and the judge accepted that aggravating factor one was justified because one of the victims did not immediately perish at the scene. But, that fact does not support a finding that the killings were "especially heinous, cruel or depraved." N.J.S.A. 2C:44-1(a)(1). We agree with defendant that finding

aggravating factor one amounted to double counting of an essential element of the crime of murder, i.e., the knowing or purposeful killing of another.

Even if we were wrong as to the misapplication of aggravating factor one to this case, we agree with defendant that the judge erred by finding that it applied for the first time at resentencing. At the original sentencing hearing, the prosecutor urged the judge to find and apply aggravating factors one and two. See N.J.S.A. 2C:44-1(a)(2) ("[t]he gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable"). Contrary to what the prosecutor asserted at resentencing, there is nothing in the transcript of the original sentencing proceedings that suggests the judge "seem[ed] to indicate that [he] believe[d] . . . [a]ggravating [f]actor [one] was there." The judge never addressed and certainly never found any aggravating factors other than factors three, six and nine. N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); (6) (defendant's prior criminal record); and (9) (the need to deter defendant and others).

Although our prior opinion did not disapprove of the imposition of consecutive sentences for the two murders, our remand required the trial judge to explain his reasons for imposing two consecutive life sentences, i.e., two

11

maximum sentences, and resentence defendant accordingly. As the Court has explained,

> [W]hen 'reconsideration' of sentence or 'resentencing' is ordered after appeal, the trial court should view defendant as he stands before the court on that day unless the remand order specifies a different and more limited resentencing proceeding such as correction of a plainly technical error or a directive to the judge to view the particular sentencing issue from the vantage point of the original sentencing.
>
> [Randolph, 210 N.J. at 354.]

Although the prosecutor argued at resentencing that defendant's request to impose concurrent sentences on the murders was foreclosed by our prior opinion, a fair reading of the hearing transcript reveals the judge was not confused as to the scope of our remand. As the judge stated early in the proceedings, "this is a full resentencing. . . . [W]e're going back to square one basically on the resentencing."

However, even though a court may appropriately apply the Yarbough factors and impose consecutive sentences on resentencing, "[t]he decision to impose a maximum sentence concomitantly requires the finding and analysis of the aggravating and mitigating factors identified in N.J.S.A. 2C:44-1(a)–(b)." Randolph, 210 N.J. at 352–53 (citing State v. Cassady, 198 N.J. 165, 181–84 (2009)). The nettlesome issue here is whether the judge was free to find an

A-2462-17T2

aggravating factor based solely on the nature and circumstances of the offenses without new information unavailable at the time of the original sentencing, and after the judge failed to find that aggravating factor at the original sentencing despite the State's urging. We conclude this presents another reason why the judge's finding of aggravating factor one was error and requires reversal, vacation of the sentences imposed on the murder convictions, and another remand for resentencing anew.

Most of our jurisprudence in the area of resentencing on remand following appeal discusses the court's obligation to consider additional evidence of a defendant's post-conviction efforts at rehabilitation. See, e.g., Zuber, 227 N.J. at 453; Randolph, 210 N.J. at 355; State v. Towey, 244 N.J. Super. 582, 593–94, (App. Div. 1990). However, in a number of cases, the Court has not limited the resentencing court's ability to consider all post-conviction conduct as to both aggravating and mitigating sentencing factors. As the Court said in remanding for resentencing in State v. Case,

> [T]he sentencing court may consider defendant's conduct and comportment while imprisoned, whether positive or negative. Defendant is entitled to bring to the court's attention to any rehabilitative or other constructive measures he has taken in the intervening years. The State, likewise, is not limited in its presentation. The only restriction placed on both parties

is that the evidence presented be competent and relevant.

[220 N.J. 49, 70 (2014).]

See also State v. Jaffe, 220 N.J. 114, 124 (2014) ("[T]he trial court should view a defendant as he or she stands before the court on the day of sentencing. This means evidence of post-offense conduct, rehabilitative or otherwise, must be considered in assessing the applicability of, and weight to be given to, aggravating and mitigating factors.") (emphasis added). Thus, in this case, it was entirely appropriate for the judge to consider, as he did, defendant's conduct while imprisoned that led to administrative discipline, as well as any post-conviction rehabilitative evidence.

However, other than the cases already mentioned, neither the State nor defendant cite any authority for the proposition that resentencing defendant "anew" permitted the judge to find an aggravating factor related solely to the "nature and circumstances of the offense," despite not having found that factor when urged to do so by the State at the time of the original sentence, and without any additional post-conviction evidence. Our research revealed only one case where, absent additional evidence, the judge on resentencing found an aggravating factor based on the nature and circumstances of the crime which he

did not find at the time of the original sentence. It arose in procedurally different circumstances.

In State v. Lawless, the defendant pled guilty to aggravated manslaughter after driving while intoxicated and killing the driver of another car and injuring two of its occupants. 423 N.J. Super. 293, 297 (App. Div. 2011). We vacated the sentence and remanded for resentencing, concluding the trial judge erred in finding aggravating factors two and six. Id. at 298. In particular, we construed the language of aggravating factor two, i.e., the "gravity and seriousness of harm inflicted on the victim," N.J.S.A. 2C:44-1(a)(2), to limit the sentencing court's consideration to only the death of the other driver, not to the injuries suffered by his passengers, when imposing sentence on the defendant's aggravated manslaughter conviction. Id. at 304–05.

The Court granted the State's motion for leave to appeal. Lawless, 214 N.J. at 605. It affirmed our judgment, concluding "[t]he word 'victim' in N.J.S.A. 2C:44-1(a)(2) . . . has never been held to extend beyond the direct victims of the offense or offenses for which the sentence is imposed." Id. at 612. However, although the State never asked the trial court to consider aggravating factor one at the original sentencing, id. at 604, the Court concluded that on remand, "the sentencing court may consider the severe injuries suffered

by [one passenger] and the less serious but significant injuries suffered by [the other passenger] as part of the 'nature and circumstances of the offense' inquiry authorized by N.J.S.A. 2C:44-1(a)(1)." Id. at 615.[3]

We do not think Lawless controls in this case. Here, the State specifically asked the judge to apply factor one at the original sentencing, and the judge did not make such a finding. Nothing new was presented to the judge at the time of resentencing. Indeed, the State's brief, which is contained in its appendix, reiterated the same reasons previously advanced in 2008. The State sought nothing more than the proverbial second bite at the apple. Aggravating sentencing factor one was neither supported by the "nature and circumstances" of these crimes, nor was the sentencing court permitted now to find that aggravating factor applied having failed to find it before, despite the State's urging and in the absence of any new evidence.

In Randolph, the Court addressed the scope of our remand that required the sentencing court to consider the appropriateness of imposing three

_____

[3] On remand, the judge found aggravating factor one and two other aggravating factors previously found at the time of the original sentence, considered defendant's rehabilitative efforts while imprisoned, and reduced the sentence from the maximum sentence of thirty-years previously imposed to twenty-four years. Lawless, No. A-830-13 (Aug. 21, 2015).

(continued)

16                                                                 A-2462-17T2

consecutive maximum terms on defendant. 210 N.J. at 352. In reversing and remanding for the resentencing court to consider the defendant's post-conviction rehabilitative efforts, id. at 354–55, the Court said: "we adhere to the cautioning in Miller and Pennington[4] against the imposition of multiple consecutive maximum sentences unless circumstances justifying such an extraordinary overall sentence are fully explicated on the record." Id. at 354.

Here, the judge's decision to once again impose two consecutive terms of life imprisonment was marred by consideration of aggravating factor one. As noted, the prosecutor specifically urged the judge find factor one so as to justify the imposition of consecutive maximum sentences. Under these circumstances, we vacate the sentences imposed and remand the matter for resentencing. The judge may not consider aggravating factor one, nor may he or she consider in the absence of any new evidence, other aggravating sentencing factors based upon the events surrounding the murders. The court may consider any additional competent evidence adduced by the State or defendant that relates to post-conviction conduct. See Case, 220 N.J. at 70. We leave to the court's discretion

---

4  State v. Miller, 108 N.J. 112 (1987); State v. Pennington, 154 N.J. 344 (1998). We cited both in our prior opinion remanding for resentencing and a full explanation of why imposition of two consecutive maximum life terms was appropriate. Ross, slip op. at 34.

A-2462-17T2

whether to update defendant's presentence report or request an institutional report.  Randolph, 210 N.J. at 351.

Reversed.  The sentences are vacated and the matter is remanded for a full resentencing.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION